IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00987-CMA-KLM

PAMELA BRYDAHL,

    Plaintiff,

vs.

SAFEWAY INC., a Delaware corporation,

    Defendant.

## PROTECTIVE ORDER

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or sensitive information, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests. For purposes of this Order, only the following categories of information may be designated as CONFIDENTIAL: (a) personnel information concerning employees other than Plaintiff; (b) proprietary business

information of Defendant; (c) information containing industry trade secrets owned by Defendant; and (d) information relating to Plaintiff concerning personal matters not generally known to the public including, but not necessarily limited to, social security number, income and tax information, medical information, and information regarding disciplinary matters. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) representatives of the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Electronic documents may be designated as CONFIDENTIAL by putting them on a CD labeled as "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Any CONFIDENTIAL information filed with the Court shall be filed under seal consistent with D.C.Colo.L.Civ.R. 7.2 and 7.3. Parties designating documents as CONFIDENTIAL represent that such documents contain information in which there is a legitimate private or public interest, as referenced in D.C.Colo.L.Civ.R. 7.2(B)(2). Other Parties

may reasonably rely on said representation in seeking to comply with D.C.Colo.L.Civ.R. 7.2(B)(2) when filing a Motion to Seal under said rule.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel may retain one copy of such CONFIDENTIAL documents to maintain a complete file. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an

affidavit confirming the destruction. Any retained documents remain subject to the terms and conditions of this protective order, and shall not be disclosed or used, without the consent of the party producing such documents or further Order of the Court, except as described herein. This protective order will remain in effect after the completion of the case.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: _July 30_, 2009.

BY THE COURT:

_____
KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4464223_1.DOC